IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| LATASHA PULLIAM, | ) | |
|---|---|---|
| | ) | Civil Action No. 17-212 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SHAWN C. WAGNER, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OPINION**

**CONTI, Chief District Judge**

I. **Introduction**

Plaintiff Latasha Pulliam ("Pulliam") commenced the above captioned matter on August 8, 2017 with the filing of a motion for leave to proceed *in forma pauperis* (ECF No. 1). Appended to her motion was a form document styled "Complaint for a Civil Case" (hereafter, "complaint," ECF No. 1-1). The court granted Pulliam's *in forma pauperis* motion on August 16, 2017 (ECF No. 2), and her complaint was filed that same day (ECF No. 3).

Having granted Pulliam leave to proceed *in forma pauperis,* the court is now obligated, pursuant to 28 U.S.C. § 1915(e)(2)(B), to review the complaint and assess its legal sufficiency. Under §1915(e)(2)(B)(ii), the court must dismiss the case if the complaint fails to state a claim upon which relief can be granted. Because Pulliam's complaint fails to state a cognizable legal claim, it will be dismissed without prejudice.

II. **Background**

On March 19, 2015, Pulliam was sentenced by the Honorable Shad Connelly, Erie County Court of Common Pleas, to an aggregate term of 13 to 48 months' imprisonment after

1

pleading guilty to charges of simple assault, resisting arrest, and disorderly conduct. (ECF No. 3-1 at 12.) In her *pro se* complaint, Pulliam states that she is seeking damages for unspecified civil rights violations that occurred in connection with her criminal proceedings. (ECF No. 3 at 5-6.) The gravamen of her complaint is that her court-appointed attorney has been inattentive and wrongfully persuaded her to plead guilty by making inaccurate promises about the sentence she would receive. (*Id*. at 1, 10.) Pulliam also asserts that her "court hearing" was "unfair" because she never received an opportunity to cross-examine the arresting officer. (*Id.* at 10.) Elsewhere in her pleading, she opines that there are "very strong reasons that this matter can be over turned [sic]." (*Id.* at 1.) At this juncture, Pulliam is no longer incarcerated, and it is uncertain whether she remains under any form of court supervision.

### III. Standard of Review

Pursuant to 28 U.S.C. § 1915(e)(2)(B), district courts are statutorily required to review the complaint of a plaintiff proceeding *in forma pauperis*[1] and evaluate whether the complaint is (i) frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B). If "at any time" the court determines that the action meets one or more of those criteria, the court "shall dismiss the case . . . ." *Id*. §1915(e)(2).

The legal standard for dismissing a complaint for failure to state a claim pursuant to §1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Small v. Herrera*, 52 F. Supp. 3d 684, 686 (D. Del. 2014) (citing *Tourscher v. McCullough*, 184

---

[1] The screening provisions of 28 U.S.C. § 1915(e)(2)(B) apply to both prisoner and non-prisoner plaintiffs who proceed in forma pauperis. *See Atamian v. Burns*, 236 F. App'x 753, 755 (3d Cir. May 24, 2007) ("[T]he provisions of § 1915(e) apply to all *in forma pauperis* complaints, not simply those filed by prisoners."); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 n. 19 (3d Cir. 2002)(concluding that non-prisoner indigent plaintiffs are "clearly within the scope of § 1915(e)(2)"); *see also Plonka v. Borough of Susquehanna*, No. 3:17-CV-00262, 2017 WL 1250792, at *2 (M.D. Pa. Apr. 5, 2017) (applying § 1915(e)(2)(B) screening provisions to non-prisoner's complaint); *Cohen v. Moore*, No. CV 16-661, 2016 WL 7474815, at *1 (W.D. Pa. Dec. 29, 2016) (same).

F.3d 236, 240 (3d Cir. 1999)). A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a motion to dismiss, the court accepts as true all well-pled factual allegations in the complaint and views them in a light most favorable to the plaintiff. *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002). While a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss, a complaint must provide more than labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[A] formulaic recitation of the elements of a cause of action will not do[.]" *Id.* "Factual allegations must be enough to raise a right to relief above the speculative level," *id.* (citation omitted), and "to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

In this case, plaintiff is proceeding without the benefit of legal counsel. *Pro se* plaintiffs are held to a less stringent standard than individuals who are represented by counsel. *Fed. Express Corp. v. Holowecki*, 552 U.S. 389, 402 (2008) ("Even in the formal litigation context, *pro se* litigants are held to a lesser pleading standard than other parties.")(citation omitted). Nevertheless, for Rule 12(b)(6) purposes, "a *pro se* complaint must still 'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Salley v. Sec'y Pa. Dep't of Corr.*, 565 F. App'x 77, 81 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678) (additional quotation marks and citation omitted); *see Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010) ("[A] litigant is not absolved from complying with *Twombly* and the federal pleading requirements merely because s/he proceeds pro se.").

3

## IV. Analysis

At the outset, the court notes an important distinction between federal habeas corpus proceedings that are commenced under 28 U.S.C. § 2254 and civil rights actions that proceed under 42 U.S.C. §1983. The purpose of a petition for a writ of habeas corpus is to allow persons in custody to challenge either the fact or duration of their confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002). In order to invoke habeas corpus review under § 2254, the petitioner must be "in custody," and the petition must challenge the legality of that custody on the ground that it is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. §2254(a); *see Maleng v. Cook*, 490 U.S. 488, 490 (1989); *Keitel v. Mazurkiewicz*, 729 F.3d 278, 280 (3d Cir. 2013). The "custody requirement" is determined at the time the petitioner has filed his or her habeas petition. *See Maleng*, 490 U.S. at 490-91; *Gov't of Virgin Islands v. Vanterpool*, 767 F.3d 157, 163 (3d Cir. 2014)(citing *Maleng,* 490 U.S. at 490-91).

By contrast, a § 1983 lawsuit provides a private right of redress for individuals who have been deprived of their federal rights by a person acting under color of state law. *See* 42 U.S.C. §1983; *Memphis Cmty. Sch. Dist. v. Stachura,* 477 U.S. 299, 305-06 (1986). In a § 1983 action, the plaintiff may recover compensatory and punitive damages against an individual defendant. *See Memphis Cmty. Sch. Dist. v. Stachura,* 477 U.S. 299, 306-08 (1986) (discussing the availability of compensatory damages in a §1983 action); *Keenan v. City of Phila.,* 983 F.2d 459, 469-70 (3d Cir. 1992) (discussing the availability of punitive damages in a §1983 case).

Importantly, a §1983 action is not cognizable if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Heck v. Humphrey,* 512 U.S. 477, 487 (1994). "[I]f it would, the complaint must be dismissed unless the plaintiff can

demonstrate that the conviction or sentence has already been invalidated." *Id.* This bar applies even to §1983 plaintiffs who are no longer in custody and are therefore ineligible to obtain federal habeas corpus relief. *See Deemer v. Beard,* 557 F. App'x 162, 167 (3d Cir. 2014) ("*Gilles* [*v. Davis*, 427 F.3d 197 (3d Cir. 2005)] and *Williams* [*v. Consovoy*, 453 F.3d 173 (3d Cir. 2006)] dictate that, under *Heck*, any claimant, even if the door to federal habeas is shut and regardless of the reason why, must establish favorable termination of his underlying criminal proceeding before he can challenge his conviction or sentence in a § 1983 action.").

Because Pulliam filed a "Complaint for a Civil Case" seeking monetary damages for an alleged violation of her civil rights, it appears she is attempting to prosecute a §1983 action. As noted, however, Pulliam disputes the legality of her guilty plea and sentence, and a judgment in her favor would therefore necessarily imply that her conviction and sentence are invalid. Under the rule established in *Heck*, Pulliam's complaint fails to state a cognizable basis for relief and must be dismissed. *See Gilles,* 427 F.3d at 209 n.8 (3d Cir. 2005) (stating that the *Heck* analysis applies to guilty pleas); *Ianuale v. Keyport Twp.,* Civ. Action No. 15-8256, 2016 WL 5955527, at 8 n.12 (D.N.J. Oct. 13, 2016) (stating that *Heck* barred plaintiffs from challenging the validity of their allegedly "coerced" guilty pleas in the context of a §1983 action for alleged false arrest and false imprisonment) (citing authority).

Even if this fatal flaw did not bar Pulliam's §1983 claims, her complaint would be defective for another reason: namely, it fails to state any plausible basis for relief against the only named defendant in this case, Shawn C. Wagner ("Wagner"). From context, it appears that Wagner is the police officer who arrested Pulliam; however, the only allegation concerning Wagner is Pulliam's averment that she never had the opportunity to cross-examine him about the circumstances of her arrest because she was persuaded by her attorney to plead guilty to the

charges of simple assault, resisting arrest, and disorderly conduct. Absent from the complaint is any factual content to suggest that Wagner personally violated Pulliam's constitutional rights in the course of effectuating her arrest or filing criminal charges. *See Valdez v. Danberg,* 576 F. App'x 97, 100 (3d Cir. 2014) ("It is well-established that an individual government defendant in an action under §1983 must have had some personal involvement in the alleged wrongdoing to be held liable.") (citing *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005)). Thus, as pled, the complaint fails to state a viable §1983 claim against Wagner.

To the extent Pulliam seeks to have her previous convictions or sentence overturned by a federal district court, she must pursue habeas corpus relief under 28 U.S.C. §2254. *See Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (a prisoner in state custody cannot use a §1983 action to challenge the fact or duration of his confinement and must instead raise such challenges through a federal habeas corpus petition or appropriate state relief.). Whether Pulliam can successfully do so is unclear because, among other things, this court cannot presently determine whether she remains "in custody" for purposes of §2254. Notably, an individual need not be incarcerated to be considered "in custody" for purposes of federal habeas corpus relief; for instance, an individual who is on parole is considered to be "in custody" because of the significant restrictions imposed on that individual's freedom. *See McDonald v. State of New Jersey Attorney Gen.,* Civ. No. 16-2246, 2016 WL 6208259, at *2 (D.N.J. Oct. 24, 2016) (citing *Kumarasamy v. Attorney General of United States*, 453 F.3d 169, 172 (3d Cir. 2006)). Thus, to the extent Pulliam presently remains on parole, she may be eligible to pursue federal habeas relief. Alternatively, she may be able to successfully challenge her conviction or sentence under Pennsylvania's Post Conviction Relief Act, 42 Pa. Cons. Stat. Ann. §§9541-9546. Clearly, however, she cannot pursue such relief through a §1983 lawsuit.

6

## V. Further Amendment

The Court of Appeals for the Third Circuit has instructed that, if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). In this case, Pulliam's complaint suffers from a deficiency that is incapable of being remedied through further amendment – specifically, her §1983 claim is barred by the Supreme Court's holding in *Heck v. Humphrey*, 512 U.S. at 486-87. Dismissal without further leave to amend is therefore appropriate because, unless and until Pulliam's convictions are overturned, any further amendment of her §1983 claims would be futile.

## VI. Conclusion

For the foregoing reasons, the complaint will be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B) without leave to amend. The dismissal will be without prejudice to Pulliam's right to reassert her claims at a later time in the event her convictions are invalidated.

An appropriate order will be entered contemporaneously with this opinion.

Dated: October 6, 2017

/s Joy Flowers Conti
Joy Flowers Conti
Chief United States District Judge